IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Arlucius Lamont Alford, ) | |
| ) | |
| Petitioner, ) | 4:01-cr-0057-CWH-1 |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| D. Drew, Warden of FCI Bennettsville, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court upon the pro se motion of the petitioner, Arlucius Lamont Alford, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket # 35). In his motion, the petitioner contends that this Court misinterpreted 18 U.S.C. § 924(e)(2)(B)(ii), which resulted in the Court sentencing him to five years and eight months more than he should have received. As the petitioner is challenging his sentence, the petitioner must proceed under 28 U.S.C. § 2255. Regardless of how a petitioner captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255[.]" United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). Therefore, this Court must construe this motion as one filed pursuant to Section 2255.

The petitioner previously filed a 28 U.S.C. § 2255 motion on September 2, 2003 which attacked the same conviction and sentence as challenged here. See Alford v. United States, C.A. No. 4:03-2844-CWH. After the matter was fully briefed, the Court filed an order on October 5, 2004 which granted the government's motion for summary judgment and dismissed the petition. The petitioner appealed this decision to the Fourth Circuit Court of Appeals, which reviewed the



record and affirmed the petitioner's conviction and sentence. United States v. Arlucius Lamont Alford, 197 Fed. Appx. 254 (4th Cir. Sept. 1, 2006) (per curiam).

Here, the petitioner's instant Section 2255 motion again mounts a challenge to his underlying conviction and sentence. Because the petitioner has previously filed a Section 2255 petition regarding the same conviction and sentence which was adjudicated on the merits, the present petition is successive. The standard for determining whether a petition is successive appears in Slack v. McDaniel, 529 U.S. 473, 485-489 (2000) (to qualify as a "successive" petition, the prior petition must have been adjudicated on the merits). As the petition is successive, it is denied.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The Court has reviewed its order, and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as the petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Lastly, the petitioner has filed a pro se motion seeking the appointment of counsel in this matter. (Docket # 42). The court has the discretion to appoint counsel in a Section 2255 action upon finding that "the interests of justice so require." See Criminal Justice Act, 18 U.S.C. §



3006A(a)(2)(B). Upon a review of the record, the Court finds that petitioner has not shown any exceptional circumstances necessitating appointment of counsel at this time, and his motion is denied.

**AND IT IS SO ORDERED.**

_C. Weston Houck_ (signature)
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

February 19, 2010
Charleston, South Carolina